**Michael RAMEY, Plaintiff,**

v.

**KINGSPORT PUBLISHING
CORP., Defendant.**

**Civ. A. No. 93–005–B.**

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

Sept. 12, 1995.

William J. Sturgill, Norton, VA, for Plaintiff.

Ford C. Quillen, Gate City, VA, David W. Blankenship, Kingsport, TN, David Marburger, Cleveland, OH, for Defendant.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, Senior District Judge.

This libel suit was instituted in the Circuit Court for Wise County, Virginia on December 11, 1992 and removed to this court on January 5, 1993 pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332. Defendant Kingsport Publishing Corp. ("Kingsport"), owner of the Kingsport Times–News, moves for summary judgment in the suit filed against it by plaintiff Michael Ramey. The suit arises out of five articles published in the Times–News in February and March of 1992 that purported to describe a then-pending criminal investigation into the death of a newborn baby on the campus of Clinch Valley College. The court grants defendant's motion for summary judgment.

## FACTS

On February 24, 1992, Clinch Valley College student Mandy Holbrook visited the Wise Appalachian Regional Hospital emergency room for abdominal pain and bleeding. The examining physician considered her symptoms to be consistent with the recent delivery of a baby, and the hospital so notified the Wise County Sheriff's office. The sheriff's office investigated, and discovered medical instruments and body tissue in a dumpster near the dormitory. Equipped with a search warrant, sheriff's deputies searched Holbrook's apartment and discovered a dead newborn beneath her bed. After learning that Holbrook had probably had assistance in delivering the baby, that Holbrook's boyfriend Michael Ramey lived on the same floor of the dormitory, and that Ramey's roommate Brett Campbell had paramedical training, the sheriff obtained a search warrant for Ramey's apartment on February 25. The search uncovered nothing suggesting the guilt of either Ramey or Campbell, and neither was ever charged with any offense. Mandy Holbrook was indicted on March 10, 1992, and on August 24, 1992

pled guilty to involuntary manslaughter and felonious parental neglect.

Between February 27 and March 4, 1992, the five newspaper articles at issue were published in the Kingsport News–Times. The portion of each article to which plaintiff objects is excerpted below:

February 27, 1992—"[Clinch Valley College Chancellor James] Knight said Wednesday night that neither Holbrook nor two students suspected of helping her deliver the child had been suspended."

February 28, 1992—"Campbell and his roommate, Michael Ramey, Big Stone Gap, may have helped Mandy Holbrook, Clintwood, deliver a 6-to–7-pound baby boy Monday night, a Wise County sheriff's deputy wrote in an affidavit for a search warrant on file at Wise County Circuit Court.

. . . .

Campbell and Ramey have refused to talk to authorities, [Wise County Commonwealth's Attorney Timothy] McAfee said last night."

February 29, 1992—"Brett Campbell of Castlewood and Michael Ramey of Big Stone Gap, CVC students who authorities believe helped Holbrook deliver the baby, have retained lawyers and have refused to talk, Wise County Commonwealth's Attorney Tim McAfee said."

March 3, 1992—"Ramey and Holbrook were alone for about an hour, McAfee said. Some time during that hour the baby was taken from the bathroom and placed in a cardboard box."

March 4, 1992—Identical to March 3, 1992.

## ANALYSIS

■■■ To prevail on a motion for summary judgment under Federal Rule of Civil Procedure 56(c), the moving party must demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2554–55, 91 L.Ed.2d 265 (1986). The burden is on the nonmoving party to "set forth specific facts" that demonstrate a dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S.Ct. 2505,

2510, 91 L.Ed.2d 202 (1986). In considering Kingsport's motion, the Court views the underlying facts and all reasonable inferences drawn therefrom in the light most favorable to Ramey, the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

■ The elements of defamation under Virginia law are: (1) publication about the plaintiff, (2) an actionable statement, and (3) intent. *Chapin v. Greve*, 787 F.Supp. 557, 562 (E.D.Va.1992). Both truth and privilege are complete defenses. *Alexandria Gazette Corp. v. West*, 198 Va. 154, 159, 93 S.E.2d 274, 279 (1956). Because all facts are construed in favor of the nonmoving party when the court considers a motion for summary judgment, and because the plaintiff has alleged that all of the published statements complained of were false and accompanied by the requisite intent, the only issues for the court to decide are whether a privilege applies and whether the statements are, even if false and recklessly or maliciously published, actionable.

In the February 27, 28 and 29 articles, statements were published that describe or are based upon the contents of official reports. The February 27, 1992 article stated that the "two students suspected of helping" Holbrook with the delivery had not been suspended. The February 28 article stated that "Michael Ramey, Big Stone Gap, may have helped ... deliver a 6–to–7–pound baby boy Monday night, a Wise County sheriff's deputy wrote in an affidavit for a search warrant on file at Wise County Circuit Court." The February 29 article described Ramey and his roommate as "CVC students who authorities believe helped Holbrook deliver the baby."

■ In Virginia, the fair report doctrine applies to press accounts of such official proceedings as court records and governmental actions.[1] *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 254 (4th Cir.1988) (applying Virginia law); *Alexandria Gazette Corp.*, 198 Va. at 159–60, 93 S.E.2d at 279 (1956). A publisher is immune from liability for articles that accurately describe or summarize the contents of an official statement or report. *Alexandria Gazette Corp.*, 198 Va. at 159–60, 163, 93 S.E.2d at 279, 281–82. The statements in the February 27, 28 and 29 articles that Ramey was suspected of helping to deliver the baby, and that he may have done so, are reasonable inferences from the affidavit that the sheriff filed in order to obtain the search warrant for Ramey's apartment. That affidavit taken as a whole contemplated the discovery in Ramey's apartment of evidence of an illegal abortion, and set forth evidence tending to support the inference that Ramey may have assisted in such an abortion. Specifically, the affidavit sought "[i]nstruments used to facilitate an abortion," and cited as material facts constituting probable cause Ramey's admission that he was present in Holbrook's apartment at some point, that Ramey was aware of Holbrook's pregnancy, that "sensitive and affectionate communications" between the two had been discovered in Holbrook's apartment, and that Ramey's roommate had medical training. The inference that Ramey and Campbell were suspected of assisting in the delivery of the baby is quite clear,[2] and was plainly "substantially correct." *Alexandria Gazette Corp.*, 198 Va. at 159–60, 93 S.E.2d at 279. These statements are thus within the scope of Virginia's fair report privilege. The court grants summary judgment to the defendant with respect to the February 27 article, and with respect to the statements in the February 28 and 29 articles that Ramey

1. In this diversity case, Virginia law applies. Because the defendant is a member of the press, however, federal First Amendment law is also applicable. *See Chapin v. Knight–Ridder, Inc.*, 993 F.2d 1087, 1091–92 (4th Cir.1993). The Fourth Circuit recognizes the fair report doctrine as a matter of federal law. *Id.* at 1097 (citing cases). Because Virginia and federal law with respect to the fair report doctrine are in accord, the court will address directly only Virginia law.

2. The court notes that Timothy McAfee, the Commonwealth's Attorney in charge of the investigation, stated in his deposition that "[p]eople could look at what was in the affidavit, and the affidavit says or has words to the effect that [Ramey and Campbell] were suspects, or suspected." McAfee Depo. at 34.

was suspected of, and may have, participated in the delivery of the baby.

 Both the February 28 and February 29 articles also contain statements that Michael Ramey had refused to speak to authorities. In both cases, this information was attributed to Wise County Commonwealth's Attorney Timothy McAfee. Plaintiff claims that these statements were false, and were never in fact said by McAfee. Nevertheless, the statements are nonlibelous as a matter of law, and Kingsport is entitled to summary judgment with respect to them. In order to be defamatory, a statement must "make the plaintiff appear odious, infamous, or ridiculous." *Chapin v. Greve*, 787 F.Supp. 557, 562 (E.D.Va.1992), *aff'd sub nom. Chapin v. Knight–Ridder, Inc.*, 993 F.2d 1087 (4th Cir. 1993). These statements, by contrast, merely assert that the plaintiff exercised a constitutional right. Without reaching the issue of whether a published statement that a person has exercised a constitutional right is nonlibelous per se, the court notes that the existence of the right to remain silent is universally known in this country, is routinely and publicly exercised by persons who are not thereafter viewed by the public in an odious light, and does not imply guilt. Because even a false statement that a person has exercised this right in the face of official questioning does not defame him, the court grants summary judgment to the defendant with respect to these statements in the February 28 and 29 articles. In conjunction with the court's holding above, this disposes of all the statements at issue in these two articles.

 The March 3 and March 4, 1992 articles state that Ramey was alone in the bedroom for one hour, during which time the baby was moved from the bathroom to the bedroom, and cites Wise County Commonwealth's Attorney Timothy McAfee as the source of this information. If these articles were, taken as a whole, ambiguous or suggestive with respect to Ramey's complicity in any crime or infamous act, the court may be faced with a difficult judgment call about the accuracy and reasonableness of the reporter's interpretation of McAfee's comments. The March 3 and March 4 articles have no such tenor, however. The headline of the

March 3 article, the lead story of that day's edition of the Times–News, reads "CVC baby's mother only suspect." The first paragraph reads "The mother of a baby boy born at Clinch Valley College last week is the *only person suspected of any wrongdoing* in his death, Wise County Commonwealth's Attorney Tim McAfee said Monday." (Emphasis added.) The March 4 article focuses on criticism directed at McAfee by Holbrook's attorney, and states that "McAfee said Tuesday that Holbrook is the only person suspected of any wrongdoing in the infant's death." In context, the statements of which the plaintiff complains would not tend to portray him in an odious light. Defendant is entitled to summary judgment on the ground that the statements of which plaintiff complains are not libelous.

 This analysis is strongly supported by the leading Virginia libel case on the issue of a media defendant's duties to a non-public plaintiff, *Gazette v. Harris*, 229 Va. 1, 325 S.E.2d 713 (1985). In *Gazette*, the court applied a negligence standard to such cases but explicitly limited the application of the standard "to circumstances where the defamatory statement makes substantial danger to reputation apparent." *Id.* at 15, 325 S.E.2d 713. In determining whether such an apparent danger is present, the trial judge "must decide, viewing the circumstances objectively, whether a reasonable and prudent editor should have anticipated that the words used contained an imputation necessarily harmful to reputation." *Id.* at 22–23, 325 S.E.2d 713. Because the article, taken as a whole, would not have alerted a reasonable and prudent editor of any such hazard to plaintiff's reputation, this exception to Virginia's negligence rule in such cases is an independent ground for the court's conclusion that defendant is entitled to summary judgment.

Although this court can see, with the benefit of hindsight and with the aid of the glaring light of attention which this lawsuit has focused on the matter, that portions of the March 3 and March 4 articles could have been better worded, these articles taken as a whole are plainly not libelous. Summary judgment is accordingly granted for defendant as to the March 3 and March 4 articles.

### CONCLUSION

For the reasons stated, the court grants the defendant's motion for summary judgment. An appropriate order will be entered this day.

For reasons stated in a memorandum opinion filed this day, it is

### ADJUDGED AND ORDERED

as follows:

Defendant's motion for summary judgment is granted. ·